UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KY USA ENERGY, INC., et al., | ) | CASE NO.: 10-11424(1)(11) |
| | ) | (JOINTLY ADMINISTERED) |
| | ) | |
| Debtors | ) | |
| | ) | |
| THE MAGDOVITZ FAMILY TRUST | ) | AP NO. 10-01047 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KY USA ENERGY, INC. | ) | |
| and KENTUCKY USA ENERGY, INC. | ) | |
| and HILLTOPPER ENERGY, LLC | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Summary Judgment of the Plaintiff Magdovitz Family Trust ("the Trust") and the Motion for Summary Judgment of Defendant Kentucky USA Energy, Inc. ("Debtor"). The Court considered the Motions, Supporting Memoranda of Law and the Responses to each of the Motion for Summary Judgment. For the following reasons, the Court **DENIES** the Trust's Motion for Summary Judgment and **GRANTS** the Debtor's Motion for Summary Judgment.

**FACTS AND PROCEDURAL BACKGROUND**

On or about August 4, 2008, the Trust and Debtor entered into an agreement entitled "Kentucky Agreement to Lease Equipment (With Warranty)" (hereinafter referred to as "Agreement") pertaining to the following three pieces of equipment:

    1995 Freightliner w/ Semco 25,000 Service with VIN #1FV6HLAA3SL608788
    2004 GMC/Chevy 2500 K Series 4x4 VIN #1GCHK29U74E363628
    1990 GMC/Chevy C Series 4x2 VIN #1GDM7H1J605721

The Trust executed the document as "Lessor" and Debtor's President, Steve Eversole, executed the document on behalf of Debtor as "Lessee" and "Guarantor".

The pertinent terms of the Agreement are as follows:

2. TERM
The term of this Lease shall commence on the 1st day of September, 2008, and shall expire forty-two (42) months thereafter.

. . . . .

4. RENT
The monthly rent for the Equipment shall be paid in advance in installments of $7,318.91 each month, beginning on August 1, 2008 and on the first day of each succeeding month throughout the term hereof, at 901 Harbor Drive, Belleair Beach, Florida 33786, or at such other place as Lessor may designate from time to time. . . .

. . . . .

7. REPAIRS
LESSEE at its own cost and expense, shall keep the Equipment in good repair, condition and working order and shall furnish any and all parts, mechanisms and devises required to keep the Equipment in good mechanical working order.

8. LOSS OF DAMAGE
A. LESSEE hereby assumes and shall bear the entire risk of loss and damage to the Equipment from any and every cause whatsoever. No loss or damage to the Equipment or any part thereof shall impair any obligation of LESSEE under this Lease which shall continue in full force and effect through the term of the Lease. . . . .

9. SURRENDER
At the end of forty-two (42) months, the Equipment will be deemed to be worn out and LESSEE is hereby granted the option to purchase same for $1.00.

10. INSURANCE

LESSEE shall procure and continuously maintain and pay for:
A. All risk insurance against loss of and damage to the Equipment for not less than the full replacement value of the Equipment, naming Lessor as loss payee; and, . . .

. . . . .

14. DEFAULT
If LESSEE fails to pay any rent or other amount herein provided within ten (10) days after the same is due and payable, or if LESSEE fails to observe, keep or perform any other provision of this Lease required to be observed, kept or performed by LESSEE, LESSOR shall have the right to exercise any one or more of the following remedies:

    A. To declare the entire amount of rent hereunder immediately due and payable without notice or demand to Lessee.

    B. To sue for and recover all rents, and other payments, then accrued or thereafter accruing.

    C. To take possession of the Equipment, without demand or notice, wherever same may be located, without any court order or other process of law. LESSEE hereby waves any and all damages occasioned by such taking of possession.

    D. To terminate this Lease.

    E. To pursue any other remedy at law or in equity.
Notwithstanding any repossession or any other action which LESSOR may take, LESSEE shall be and remain liable for the full performance of all obligations on the part of the LESSEE to be performed under this Lease. All of LESSOR's remedies are cumulative, and may be exercised concurrently or separately.

. . . . .

16. OWNERSHIP
The Equipment is, and shall at all times be and remain, the sole and exclusive property of LESSOR and the LESSEE shall have no right, title or interest therein or thereto except as expressly set forth in this Lease.

. . . . .

.

> 18. ENTIRE AGREEMENT
> This instrument constitutes the entire agreement between the parties on the subject matter hereof and it shall not be amended, altered or changed except by a further writing signed by the parties hereto.

. . . . .

After executing the Agreement, Debtor took possession of the equipment. Debtor maintained the equipment, kept the equipment insured and paid the taxes on the equipment pursuant to the Agreement. Debtor also licensed and registered the 2004 GMC and the 1990 GMC. Debtor, however, defaulted on its monthly payments for the months of July, August and September 2010. The Trust sent written notices of default to Debtor on August 6, 2010.

On September 14, 2010, the Debtor filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code.

On October 20, 2010, the Trust filed this adversary proceeding contending that the Agreement constitutes a lease and requesting that Debtor be ordered to surrender the equipment to the Trust. In response, the Debtor contends the Agreement is not a lease but is a financing instrument and not an executory or unexpired lease. Both parties seek entry of partial summary judgment on their claims.

## **LEGAL ANALYSIS**

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that a court, "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes

demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The issue before the Court is whether the Agreement to lease the three pieces of equipment entered into by the Trust and Debtor created a true lease or was a security interest as a matter of law. Based on pertinent Kentucky law, the UCC and the undisputed facts of this case, the Agreement created a security interest and constituted a sale. This was not an executory contract or an unexpired lease.

It is clear that state law is controlling on the issue of whether an agreement between two parties is a security interest or lease. In re Yost, 54 B.R. 818 (Bankr. W.D. Ky. 1985). The Kentucky Uniform Commercial Code specifically addresses how a lease is distinguished from a security interest. See, 355.1-203.

At the outset, KRS 355.1-203 indicates that a transaction in the form of a lease creates a security interest if the consideration that the lessee is to pay for the right to possess and use the equipment "is an obligation for the term of the lease and is not subject to termination by the lessee, . . ." KRS 355.1-203(2). Debtor contends there is no provision in the Agreement for termination of the Agreement by Lessee. The Trust, however, contends that the Agreement terminated by its very terms pre-petition due to Debtor's default on the rental payments. While Paragraph 14 of the Agreement provides several remedies for the Lessor in the event of default by the Lessee, there is no similar right to terminate the Agreement on behalf of the Lessee.

Additional elements of KRS 355.1-203 which indicate that an agreement constitutes a security interest rather than a lease are met by the terms of the Agreement. At the time the Agreement was executed, Debtor took possession of all three pieces of equipment, has continually

retained possession of the equipment, has maintained the equipment and paid all insurance and taxes on the equipment. Additionally, Debtor has licensed and registered the equipment with the Laurel County Clerk.

The Agreement is set for a period of 43 months with monthly payments of $7,318.91. The Debtor assumed the risk of loss and damage to the equipment and agreed to indemnify the Trust from all claims arising from Debtor's use and operation of the equipment. The Agreement also provides that at the end of the term the equipment will be deemed worn out and Debtor is given the option to purchase the equipment for a nominal amount of $1.00. The requirements of the statute under subsection 2(a) and (d) are met by the terms of the Agreement. The Agreement is equal to or greater than the remaining economic life of the goods and Debtor may purchase the goods at the end of the term for a nominal amount – $1.00. All of these terms are hallmarks of a true sale or security interest rather than a lease.

Indeed, the Trust acknowledges that Debtor is correct in asserting that the Agreement is not a lease. In its Cross-Motion for Summary Judgment it states, "Plaintiff reluctantly agrees that under the Kentucky UCC, the written agreement meets the statutory criteria of an 'installment sales contract' reserving a security interest in favor of the Magdovitz Trust." The Court fully agrees with the Trust's admission that the Agreement constitutes a security interest.

Instead, the Trust contends that the Agreement is an executory contract under 11 U.S.C. §365 and that Debtor is estopped to assert otherwise as it identified the Agreement as an executory contract and unexpired lease in Schedule G to its Chapter 11 Petition. While Debtor did state this in the Petition, it is clear from the outset of this proceeding that it believed the Agreement constituted a security interest. Debtor repeatedly stated in its Answer to the Complaint herein that

the Agreement was not a lease within the meaning of 11 U.S.C. §365, but was a true a sale of the equipment.

The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. It does not apply, however, when a party's earlier position was asserted because of a good faith mistake rather than as part of a scheme to mislead the Court. E.E.O.C. v. Merchants, 554 F.Supp.2d 959, 965 (D.S.D. 2008). Courts should only apply judicial estoppel as an extraordinary remedy when a party's inconsistent position will result in a miscarriage of justice. Stallings v. Hussmann Corp., 447 F.2d 1041, 1049 (8th Cir. 2006). Similarly, the doctrine of equitable estoppel focuses, not on intent, but on the effects of the assertion upon the other party. There must be a showing that another has been misled to his prejudice. In re PMC Marketing Corp., 2011 WL 1487068 (D. Puerto Rico 2011). Considering that the Debtor asserted its position in this case in its initial pleading and the Trust has shown no prejudice resulting from the assertion in the schedules, the Court will not preclude the defense in this case. The Trust even argued in support of its Motion to Amend the Complaint to assert that the Agreement terminated pre-petition and/or is an executory contract under §365. "The Debtor is not prejudiced as it was clearly anticipated that the Plaintiff was seeking such relief by arguing that the lease was not subject to Section 365 in its December 30, 2011, Cross-Motion for Summary Judgment." See, n. 1, Plaintiff's Response in Opposition to Defendant's Cross-Motion for Summary Judgment. The Amendment to the Complaint was granted without opposition. Neither party can claim prejudice in the assertion of its positions on the Agreement. Schedule G to the Petition is not dispositive of the issue.

The Trust cites extensive extrinsic evidence to establish its claim that the parties intended the Agreement to be a lease. The Agreement clearly states at Paragraph 18 that the instrument constitutes the entire agreement between the parties. The terms are not ambiguous and there is no reason for the Court to examine any extrinsic evidence to construe the document. See, Frear v. P.T.A. Industries, Inc., 103 S.W.3d 99 (Ky. 2003); Martin v. Ben P. Eubanks Lumber Co., 395 S.W.2d 385, 386 (Ky. 1965) and Davis v. Siemens Medical Solutions USA, Inc., 399 F.Supp.2d 785, 795-96 (W.D. Ky. 2005).

The Court also finds that the Agreement does not meet the definition of an executory contract. Whether a contract is executory for purposes of §365 is a question of federal law, not state law. Executory contracts do not include contracts fully performed by one of the parties. In re Farrar McWill, Inc., 26 B.R. 313, 314 (Bankr. W.D. Ky. 1982); In re National Trust Financial Realty Trust, 226 B.R. 586 (Bankr. W.D. 1998). A payment obligation alone will not render a contract executory under either the Countryman definition or the alternative functional approach to determining whether an agreement constitutes an executory contract. See, In re Arts Dairy, LLC, 417 B.R. 495, 502 (Bankr. N.D. Ohio 2009). There are no continuing obligations by Debtor under the Agreement, other than payment, and therefore it is not executory.

The Trust also makes much of the fact that the Kentucky General Assembly has enacted a comprehensive statutory scheme governing the transfer of motor vehicles. The Trust contends that there can be no transfer of ownership of the vehicle without a proper assignment of the certificate of title, citing Peacock v. Damon Corp., 458 F.Supp.2d 411, 414 (W.D. Ky. 2006) and KRS 186A.215. The title to a vehicle transfers upon the seller and the buyer's completion of the transfer of title and

odometer statement on the certificate of title and delivery of the completed form to the buyer. In this case, there are no certificates of title on any of the vehicles bearing Debtor's name as the owner.

Debtor, however, contends that under KRS 186.010, Kentucky's statutory scheme recognizes conditional sales and leases. That statute provides in pertinent part,

> A vehicle is the subject of an agreement for the conditional sale or lease, with the lessee entitled to possession of the vehicle, upon performance of the contract terms, for a period of 365 days or more and with the right to purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or if a mortgagee or a vehicle is entitled to possession, the conditional vendee or lessee or mortgagee shall be deemed an owner.

KRS 186.010(7)(b)   In order for the Debtor to register the vehicles with the Laurel County Clerk, the County Clerk required the Trust to send a letter indicating that Debtor had a lease/purchase agreement for each vehicle. The Trust executed letters advising that the Debtor "has a lease/purchase agreement for the [2004 Chevy Pickup or 1990 GMC truck] from the Magdovitz Family Trust. See, Exhibits B-1 and B-2. These letters were required to allow Debtor to register the vehicles in accordance with KRS 1861A.010 even though Debtor was not listed as the owner on the certificate of registration.

This statute is further evidence that the Agreement constitutes a security interest and not an executory contract or unexpired lease. Under the Kentucky Motor Vehicle Registration Act, a conditional lessee is considered an owner for the purposes of the Act and allows the conditional lessee to register the vehicle. However, the vehicle would not be covered under the certificate of title owner's insurance policy because that person is not considered the owner of the vehicle under the statute. See, Cowles v. Rogers, 762 S.W.2d 414, 417 (Ky. Ct. 1988). The Trust's reliance on KRS 186A.215 is inapplicable here.

The undisputed facts before the Court establish that under the Kentucky Uniform Commercial Code the Agreement at issue constitutes a security interest rather than an unexpired lease. The rental payments over the term of the Agreement reflect a purchase price of the vehicles with interest. It is for this reason that the Agreement provides for purchase of the vehicles for a nominal sum at the end of the lease. The Trust resorts to extrinsic evidence in an attempt to establish that the parties to the Agreement intended at the time of its execution to create a true lease rather than a purchase agreement. The Agreement's terms are not ambiguous and there is no reason to resort to extrinsic evidence. Finally, the statutory scheme of Kentucky's Motor Vehicle Registration Act allows a conditional lessee, such as Debtor, to be considered the owner for the purposes of registering the vehicle . The undisputed evidence supports the finding that this was done in the case at bar. Accordingly, the Debtor's Motion for Summary Judgment will be granted and the Trust's Cross-Motion for Summary Judgment will be denied..

## CONCLUSION

For all the above reasons, the Court will enter the accompanying Order granting the Motion for Summary Judgment of Debtor Ky USA Energy, Inc. and denying the Cross-Motion for Summary Judgment of Plaintiff the Magdovitz Family Trust.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KY USA ENERGY, INC., et al., | ) | CASE NO.: 10-11424(1)(11) |
| | ) | (JOINTLY ADMINISTERED) |
| | ) | |
| Debtors | ) | |
| | ) | |
| THE MAGDOVITZ FAMILY TRUST | ) | AP NO. 10-01047 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KY USA ENERGY, INC. | ) | |
| and KENTUCKY USA ENERGY, INC. | ) | |
| and HILLTOPPER ENERGY, LLC | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of Debtor KY USA Energy, Inc., be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Cross-Motion for Summary Judgment of Plaintiff The Magdovitz Family Trust, be and hereby is, **DENIED**.